IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER

          Plaintiff,

                                            07-cv-0533-bbc
                                            05-cr-0116-bbc

     v.

LEAVIE SCOTT,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Leavie Scott has filed a "Petition to District Court for Issuance of Certificate of Appealability " from the judgment entered in this case on October 22, 2007. Defendant timely filed a motion to amend pursuant to Fed. R. Civ. P. 59(e) which was denied on November 2, 2007. He has not filed a notice of appeal or paid the $455 filing that is required if he is to take an appeal from the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I construe defendant's motion as including a notice of appeal and a request for leave to proceed <u>in forma pauperis</u> on appeal pursuant to 28 U.S.C. § 1915.

     According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-

1

appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Defendant had court-appointed counsel.  Therefore, he can proceed in forma pauperis on appeal unless I find that his appeal is taken in bad faith.  In this case, I have to make that finding because no reasonable person could suppose that the appeal has some merit, as is required in order for the appeal to be taken in good faith.  Therefore, I must deny defendant's request to proceed in forma pauperis on appeal.

    Next, I will decide the motion for a certificate of appealability, which defendant must have if he is to appeal the denial of his motion for post conviction relief brought pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22.  Such a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

None of defendant's challenges to his sentence meet the demanding standard for a certificate of appealability.  As I explained in the order entered on October 22, 2007, there is no merit to defendant's claims that he was sentenced unconstitutionally because he was deprived of an opportunity of a meaningful allocution and that his counsel was ineffective for failing to raise the unconstitutionality of the drug laws.

The issues defendant seeks to raise on appeal are not debatable among reasonable jurists; no court would resolve the issues differently; and the questions are not adequate to deserve encouragement to proceed further.  Therefore, I decline to issue a certificate of appealability.


ORDER

IT IS ORDERED that defendant Leavie Scott's request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability are DENIED.


Entered this 5th day of December, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3